[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs, by their Revised Complaint allege that the defendants entered into an indemnity and hold harmless with the plaintiffs whereby the defendants agreed "to indemnify and hold harmless the plaintiffs for any costs, damages, expenses or loss incurred or suffered" by reason of petroleum or liquid hazardous or toxic wastes on certain premises by virtue operations conducted on said premises prior to November 1, 1973.
The plaintiffs, in their claim for relief, in addition to a claim for damages, seek "order of Mandamus directing the Defendants to conduct an environmental cleanup relating to the Premises". The defendants move to strike this claim for relief. The motion to strike is based upon two grounds. First, that the plaintiffs have not alleged that the defendant is a public official charged with mandatory requirements under law to perform an environmental cleanup at the premises. Second, that there is no authority in the indemnity agreement to require the defendant to conduct an environmental cleanup at the property in question.
As to the first claim. The writ of mandamus traditionally applies to the doings of public officials. However, the Supreme Court has extended the scope of the writ to apply to circumstances where a member of benevolent or social society has been unreasonably deprived of the rights and privileges of membership in such societies. See Sterner v. Naugatuck HarborYouth Club, Inc., 188 Conn. 531, 534 (1982). The basis for such extension is that these corporations are chartered by the state and exercise powers granted by the state.
Mandamus will not lie in the instant case for three separate reasons. First, the defendant is a private citizen, whose duties arise from common law obligations and are not duties specifically CT Page 4214 imposed by statute. Second, it is not clear from the indemnity agreement that the defendant would have a duty to actually accomplish the clean up, rather than to have the more limited duty of reimbursing for funds expended by the plaintiff in accomplishing clean up. Hence the complaint does not allege aclear legal right to the requested performance. See Sterner v.Naugatuck Harbor Yacht Club, Inc., supra, p. 534
Finally, "but for mandamus to lie, the plaintiff must have no other adequate remedy. . . .; our present role is that `mandamus will not lie where the aggrieved party has an adequate remedy in law or in equity. Sterner v. Naugatuck Harbor Yacht Club. Inc.,
supra, p. 535. "This is such a case because the plaintiff has an adequate remedy in equity." Sterner v. Naugatuck, supra p. 535. "There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff for injunctive relief. . . ." Sterner v. Naugatuck, supra. p. 537.
In the Sterner case the Supreme Court determined to treat the claim for mandamus as a claim for injunctive relief, for practical reasons, as the court determined that a claim for injunctive relief would have been factually appropriate and clearly warranted. This trial court does not have the prerogative of treating a claim for mandamus as the traditional claim for injunctive relief. The claim must be properly articulated. Hence the motion to strike the claim for mandamus relief is granted. The appropriate procedure to remedy is set forth in Practice Book § 157.
L. PAUL SULLIVAN, J.